IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
MAR 2 0 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 06-10100-02 |
| ANTON HALL, | ) | |
| Defendant. | ) | |

**PLEA AGREEMENT AND STIPULATION OF FACTS**

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney, and the defendant, Anton Hall, personally and by the defendant's attorney, Hugh F. Toner, III, hereby enter into this plea agreement.

1.  This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the

United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

### CHARGE(S), ELEMENTS, AND PENALTIES

4. The defendant will plead guilty to Count 1 of the Indictment, in which the defendant is charged with Possession of Cocaine Base (Crack) with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

5. The defendant has read the charge to which the defendant is pleading guilty, and the charge has been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature

and elements of the crime to which the defendant is pleading guilty. To sustain the charge of Possession of Cocaine Base (Crack) with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A), the United States must prove the following propositions beyond a reasonable doubt: Possession of cocaine base (crack) with intent to distribute.

    Elements:
1. The defendant knowingly or intentionally possessed cocaine base (crack);
2. The defendant possessed cocaine base (crack) with the intent to distribute it;
3. The defendant knew the substance was a controlled substance; and
4. The cocaine base (crack) weighed more than 50 grams.

    6. The defendant understands and agrees that the offense to which he shall plead guilty carries the following potential penalties:

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), this count carries a minimum mandatory sentence of ten (10) years and a maximum sentence of life imprisonment. This count carries a fine of $4,000,000 and a $100.00 special assessment. This count also carries a special mandatory supervised release term of at least five (5) years and up to any number of years

including life.

7. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

8. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND APPEAL WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

9. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution,

within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

### Waiver of Right to Collateral Attack

10.     The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness

of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## ADVISORY SENTENCING GUIDELINES

11.    The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed. The defendant understands that although the Sentencing Guidelines are advisory, the Court may choose to impose sentence in accordance with the Sentencing Guidelines.

12. Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

   a. The parties agree, based upon facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

   b. The parties also agree that if the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United

States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

    c. The parties agree that the defendant should receive a two level adjustment for possession of a weapon.

    d. The parties also agree that the weight of the crack cocaine is 281.6 grams for purposes of relevant conduct.

    13. The defendant and the United States agree that the above statements regarding Sentencing Guidelines are not binding on the Court, and relate only to the positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate.

    14. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the

calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward variance from the *advisory* Sentencing Guideline range pursuant to United States Sentencing Guidelines Section 5K1.1, and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e), if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended variance will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

## DEFENDANT'S OBLIGATIONS

15. As a condition of this entire plea agreement, the defendant will cooperate fully with law enforcement officials.

16. The defendant agrees to waive and waives any rights the defendant may have under the Speedy Trial Act, and the defendant understands that his sentencing may be delayed until his cooperation has been completed so that at sentencing the court will have the benefit of all relevant information.

17. The defendant and his attorney acknowledge that they have

reviewed, and the defendant understands, the possible application of Title 18, United States Code, Section 3553(e). They further acknowledge, consistent with Application Note 3 to U.S.S.G. Section 5K1.1, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to Section 3553(e), the defendant and his attorney agree to limit any argument regarding the extent of a downward departure for substantial assistance to the government to only those grounds specifically set forth in Section 5K1.1 and its application notes.

18.    The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the Indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to

withdraw any plea of guilty.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

19.  At the time of sentencing the United States agrees to recommend the following: a sentence at the low end of the advisory Sentencing Guideline range; and the United States agrees that at the time of sentencing it will move to dismiss the remaining counts of the Indictment. The defendant acknowledges that the counts the United States agrees to dismiss were brought in good faith and not for any vexatious or frivolous reason on the part of the United States.

20.  The United States Attorney for the Central District of Illinois agrees to bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in this Indictment, except for any crime of violence and any crime unknown to the United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties.

21.  The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

## FACTUAL BASIS

22.  The defendant will plead guilty because the defendant is in fact guilty of the charge contained in Count 1 of the Indictment. In pleading guilty to

that charge, the defendant stipulates to and admits to the following facts:

On October 25, 2006, a confidential source (CS) arranged an eight ounce crack cocaine purchase from Luella Crayton and Anton Hall. The CS and Crayton agreed to meet at Walgreen's at the corner of Knoxville Avenue and McClure Avenue, Peoria, IL. A surveillance team observed Crayton leave 606 E. Forrest Hill Avenue and drive directly to Walgreen's. Once Crayton arrived at Walgreen's, MEG agents arrested Crayton and they found approximately eight ounces of crack cocaine in her vehicle. The crack cocaine was subsequently sent to the Morton Crime Lab to be analyzed and resulted in 212.1 grams of cocaine base.

On October 25, 2006, members of the Metropolitan Enforcement Group (MEG) executed a search warrant at the residence of Anton Hall, 606 E. Forrest Hill Avenue, Peoria, IL. Approximately 2.6 ounces of crack cocaine was seized in a false bottom in a can on the floor of the bedroom. The crack was subsequently sent to the Morton Crime Lab to be analyzed and resulted in 69.5 grams of cocaine base. Documents that identified Crayton and Hall were also found in the bedroom.

Prior to the execution of the search warrant, a surveillance team observed Hall leave 606 E. Forrest Hill Avenue in a mini-van. Based on information

obtained from the execution of the warrant at 606 E. Forrest Hill Avenue, officers made the determination to stop and arrest Hall. During the search of Hall and the vehicle incident to arrest, officer's located a total of approximately $4,815 on Hall's person and in a gym bag located in the vehicle. In a post-arrest interview, Hal advised MEG Agent Dale King that the crack cocaine in the residence at 606 E. Forrest Hill Avenue, Peoria, IL was his crack cocaine.

### EFFECT OF VIOLATION OF AGREEMENT

23.    The defendant further agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

24.  Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

25.  The defendant understands that by pleading guilty the defendant surrenders the following rights, among others:

   a.  The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

   b.  The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

   c.  The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if

the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

        d.     The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

        e.     The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

26.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

27.  I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: 3/22/07            s/Defense Counsel
                         HUGH F. TONER, III
                         Attorney for Anton Hall

**Defendant:**

28.  I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I

understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: **3-20-07**

s/Defendant  
ANTON HALL  
Defendant

**United States:**

29. On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date: **3/20/07**

RODGER A. HEATON  
UNITED STATES ATTORNEY

s/Asst. US Attorney  
BRADLEY W. MURPHY  
Assistant United States Attorney