UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 06-10100 |
| | ) |
| ANTON HALL, | ) |
| | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S COMMENTARY ON SENTENCING FACTORS

Now comes the Defendant, Anton Hall by his attorney, Hugh F Toner III, Ltd. with the attached letters of support from Mr. Hall's friends and family. Mr. Hall wishes to make the following points for the court's consideration:

The U.S. Sentencing commission has promulgated several amendments to the advisory Guidelines that are scheduled to take effect on November 1, 2007. Some of those amendments apply directly to Mr. Hall factual situation and should be taken into account by this court in the interest of fundamental fairness and judicial economy. In fact, 18 U.S.C. 3582(c)(2) provides just such a mechanism to allow a defendant to reduce a term of imprisonment based upon a sentencing range that was subsequently lowered by the Sentencing Commission.

First, the base level for possession of at least 150 but less than 500 grams of cocaine base has been reduced from 34 to 32 by the new amendments. (See Amendments to the Sentencing Guidelines, dated May 11, 2007.) Therefore, **Mr. Hall's advisory total offense level should be 31** (32 plus 2, minus a 3 level reduction for acceptance of responsibility).

Second, Mr. Hall asks this court to consider that criminal history category II overstates his true criminal activity and that he should be treated as a category I offender for the following reasons. Mr. Hall was assessed a total of 3 criminal history points for three convictions for possession of small amounts of marijuana. The two most recent cases occurred two days apart and consisted of Mr. Hall possessing cannabis. (See PSR

Par 38-40.) Mr. Hall plead guilty to misdemeanor charges and was sentenced to six months court supervision on all three convictions. Those 3 misdemeanors accounted for all of the criminal history points assessed against him. It would also be respectfully pointed out that on the new guidelines there is movement to discount some of these types of offenses (and concededly this is not one of the listed offenses) where the probationary period does not exceed one year

In fact, Mr. Hall had no prior felony conviction until the instant federal offense. Because his periods of supervision (all of which were successfully terminated) were assessed for relatively minor non-violent criminal behavior, this court could reasonably conclude that category II is an excessive classification for Mr. Hall.

Mr. Hall would respectfully add that the U.S. Sentencing Commission has stated in forceful terms that the "100 to 1" disparity in punishment between powder and crack cocaine is a matter that should be addressed by Congress. In its report to Congress, entitled *Cocaine and Federal Sentencing Policy*, the Commission decries the disproportionately harsh sentences imposed for possession and distribution of crack cocaine, as opposed to cocaine hydrochloride. The U.S. Supreme Court recently granted certiorari in <u>Kimbrough v. United States</u> to consider whether the district courts can consider this disparity as part of its sentencing analysis. Mr. Hall asks this court to take into account this disparity by deviating downward from the advisory Sentencing Guidelines when considering the nature and circumstances of the offense under 18 U.S.C. 3553(a).

Finally, in examining Mr. Hall's PSR, the most striking observation that is taken away is his accomplishments. This is in contrast to clients who share similar backgrounds and their lawyers are left arguing and explaining why they fell short. Looking at Anton's life, it is easy to conjure up the images of Pheidippides, running strong and swift, against the odds, only to stumble at the end. Despite what can only be characterized as a tough life, Mr. Hall graduated from both high school and college. In fact, what brought him to Peoria was living every American male's dream of being a professional athlete, taking one last shot (Pardoning the pun) at a career as a professional basketball player. Life was looking very good for Mr. Hall until he pulled the greatest blunder of his life.

Pleasant, soft-spoken and well-mannered, Anton is bright, hardworking and spiritual. (See letters from Sonia Jackson.) It is hard to see why he wound up here. Was it the unresolved ghosts of his past? (see par. 47) Regardless of the reason, Anton wants to receive counseling and move forward. As pointed out in his PSR (see par 51 -52), Mr. Hall recognizes that, realistically, his professional basketball days are over. He has plans to retrain and continue working in the community. (see par. 51-52) During his pre-trial release, he continued to apply himself, looking for work. Not only was he hired by America's Best Contacts and Eyeglasses, but he has taken and passed both the oral and written exams to become a certified visual acuity technician. He has passed the oral exam and is awaiting the results from the written exam. It would be respectfully suggested that Anton can channel the same discipline and drive that allowed him to play basketball competitively into being successful in other areas of his life. As the Court knows, this is not always the case.

In conclusion, perhaps Pheidippides may not have been the best analogy. From everything that is known about Anton from the PSR, his stumble will not be fatal. For all these reasons the Defense would respectfully ask the court for a significant departure from the advisory guidelines. In this fashion there can be both an appropriate punishment component as well as allowing a very talented young man to make a positive contribution to society.

    Respectfully submitted,
    Anton Hall, Defendant

    BY:   s/ Hugh F Toner, III
    HUGH F TONER III, LTD
    Attorney for Defendant
    1216 SW Adams
    Peoria, Illinois 61602
    Phone: 309/671-4844
    Fax: (309) 672-5819
    E-mail: tonerlawoffice@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney Brad Murphy, U.S. Attorney's Office, One Technology Plaza, Suite 400, Peoria, IL 61602.

> BY:   s/ Hugh F Toner, III
> HUGH F TONER III, LTD
> Attorney for Defendant
> 1216 SW Adams
> Peoria, IL 61602
> Phone: (309) 671-4844
> Fax:: (309) 672-5819
> E-mail: tonerlawoffice@yahoo.com