IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANTON HALL, )<br>)<br>Defendant. ) | Case No. 06-10100 |

**UNITED STATES' RESPONSE TO MOTION
TO MODIFY TERM OF IMPRISONMENT**

The United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney, hereby responds to defendant Anton Hall's motion to modify term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), and states:

1.  On November 8, 2007, the defendant filed a motion to reduce his previously-imposed sentence by virtue of Amendment 706 to the United States Sentencing Guidelines, (as amended by Amendment 711), which became effective on November 1, 2007.  This amendment reduces the offense levels applicable to crack cocaine convictions under 21 U.S.C. § 841 and related offenses.  U.S.S.G. App. C, Amends. 706, 711.  The defendant contends for his motion that Amendment 706 should be applied retroactively to his sentence of life imprisonment which was previously imposed on July 31, 2007.   However,

the defendant's motion "is, at best, premature," since the Sentencing Commission has not yet decided whether to make Amendment 706 retroactive to sentences already imposed. *See, e.g., United States v. Veloria*, 2007WL3374591, *2 (D. Hawaii 2007).

2. The Sentencing Commission is currently considering whether to make Amendment 706 retroactive. The Commission held a period of public comment which ended November 1, 2007 on this specific issue, and also convened a public hearing on November 13, 2007. The United States anticipates that the Commission will likely issue its decision concerning the retroactive application of Amendment 706 within the next few months. Regardless, as of the date of the defendant's motion, there has been no determination of retroactive application by the Commission. Thus, the United States respectfully requests that this Court stay any further action on the defendant's motion until after the Commission reaches its decision on whether Amendment 706 is to be retroactive.

3. Unless and until the Commission makes Amendment 706 retroactive, it cannot be applied retroactively to reduce a defendant's sentence. The Sentencing Reform Act provides that a "court may not modify a term of imprisonment once it has been imposed except" in certain specified circumstances. 18 U.S.C. § 3582(c). The pertinent portion of § 3582(c) provides that a modification may be

made:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(2) (emphasis added). "The Commission's applicable policy statement is § 1B1.10[.]" *United States v. McBride*, 283 F.3d 612, 614 (3rd Cir. 2002).

Section 1B1.10(a) provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). **If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.**

U.S.S.G. § 1B1.10(a) (emphasis added).

   4. Section 1B1.10(c) lists a number of amendments which the Commission has selected to be applied retroactively, but the Commission has not listed

Amendments 706 and 711. U.S.S.G. § 1B1.10(c).[1] Accordingly, "a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." U.S.S.G. § 1B1.10(a); *accord,* U.S.S.G. § 1B1.10, application Note 1 ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.").

    5. As the Third Circuit has concluded:

> The language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2). [The amendment defendant cites] is not listed in § 1B1.10(c). Therefore, by the plain language of the policy statement, it does not have retroactive effect.

*United States v. Thompson*, 70 F.3d 279, 281 (3rd Cir. 1995).

    6. Other courts have similarly held that an amendment must be listed in § 1B1.10 in order for the court to entertain a § 3582(c) motion. See *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004) (Amendment 645 is not listed in § 1B1.10(c) and therefore may not be applied retroactively on a § 3582 motion), *citing, United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("We agree

---

[1] By contrast, Amendment 702, also effective on November 1, 2007, is listed and made retroactive in § 1B1.10(c).

with several of our sister circuits [2d, 3d, 6th, 8th, 10th] that have established a bright-line rule that amendments in § 3582(c) motions may be retroactively applied solely where expressly listed under § 1B1.10(c).").

**WHEREFORE**, the United States respectfully requests that this Court stay any further action on this premature motion until after the Commission reaches its decision on whether Amendment 706 is to be applied retroactively.

Respectfully Submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY


 s/: Bradley W. Murphy
Bradley W. Murphy
Assistant United States Attorney
211 Fulton Street, Suite 400
Peoria, IL 61602
Telephone: 309-671-7050

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to Hugh Toner III, Attorney for Defendant.

              s/:  Kim Ritthaler
              Legal Assistant