UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
JUN 1 3 2008
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTON HALL                    )
                              )
         Petitioner           )
                              )
                              )
    vs.                       )     Case No. 06-10100
                              )
UNITED STATES OF AMERICA      )
                              )
         Respondent           )
                              )

**OBJECTIONS TO THE GOVERNMENT'S RESPONSE TO AMENDED
MOTION TO REDUCE SENTENCE**

Now comes, Petitioner Anton Hall, respectfully moves this court pursuit to 18 U.S.C & 3582 (c) (2) and (1) (B) for an order in reducing his term of imprisonment on the grounds that the Retroactive Amendment to the crack cocaine guidelines reduces the base offense level in this case. In support of this motion, petitioner states the following:

1. Petitioner is currently serving a term of imprisonment for an offense involving crack cocaine.

2. This court sentenced Petitioner on count 1 to a term of 126 months imprisonment. His guideline range was 151 to 188 months at a base level of 32; he received a two level increase to U.S.S.G & 2D1.1 (b) (1) to level 34 for a firearm in relation to a drug trafficking offense. The petitioners plea guilty to count 1 and count 2 was dismissed. The Petitioner receive a 3 level reduction for an acceptance of responsibility to a guideline range of 121 to 135 months, based on a total offense level of 3 and a criminal history category of II, and petitioner was sentenced to 121 months.

1

3. On November 1, 2007 the sentencing commission lowered the base offense level for crack cocaine. See U.S.S.G Appendix C Amendment 706. The commission made this amendment retroactive by including it among the amendments covered by U.S.S.G & 1.B1.10 which states:
"In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in subsection (c) below, the court may reduce the defendants term of imprisonment as provided by 18 U.S.C & 3582 (c)" U.S.S.G & 1.B.1.10 (a) (1) (p. s); see also U.S.S.G & 1.B.1.10(c) (listing amendment 706 as covered by the policy statement)

4. Section 3582(c) (2) gives this court jurisdiction to reduce Petitioner's term of imprisonment:
"In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuit to 28 U.S.C 994(o), upon motion of the defendant...the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent they are applicable if such reduction is consistent with applicable policy statements issued by the sentencing commission.

5. Amendment 706 to the Drug Quantity Table in U.S.S.G & 2D1.1 reduces Petitioners base offence level by two levels.

6. After a two-level reduction, Petitioners base offense level will be 29 and the guideline range will be 105 to 121 months. Therefore, Petitioners two level reduction should be 111 months.

7. The Government's motion is misplaced and legally flawed for the following reasons:
(**a**) Petitioner was charged in the indictment in violation of 21 U.S.C & 841 (a) (1) does not speak on a drug or amount; (b) In light of Append, it is now clear that in drug cases under 21 U.S.C & 841 &846 before a defendant can be sentenced to any of the progressively higher quantities of drugs specified in subsections 841 (b) (1) (a) or

(**b**) the Government must state the drug type and quantity in the indictment by statue submit the required evidence to the jury or admitted by the defendant and prove the relevant drug quantity beyond reasonable doubt;

2

**(c)** That Hall waived his right to a jury trail, However, he did not waive the right to have a court decide any remaining elements of the offense beyond a reasonable doubt by opposed to making those determinations by a more preponderance of the evidence. Because the provision at the issue are factual determinations and because they increase the maximum penalty for an offense that doesn't charge the drug type or quantity to which Hall was exposed, we find that there are elements of a separate offense which must be charged in the indictment, submitted to a jury or admitted by the defendant, and be proved beyond a reasonable doubt. (see e.g *Blakely v. Washington*, 542 U.S-2004

**(d)** In all the Circuit where no drug quantity is charged in the indictment or found by a jury, but a jury has found a violation of & 841(a) the standard statutory term of imprisonment is not more that twenty years ( see & 841 (b)(1)(c) the mandatory minimum is zero to twenty years and in *Blakely* it makes clear that "statutory maximum for Appendix purposes is the maximum sentence a judge may impose solely on the bases of the facts reflected in the jury verdict or admitted by the defendant " I.b.d 124 S.Ct 2531,159 L.Ed. 2d 403 (slip op; at 7) (emphasis in original)

## FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE MODIFICATION

(1) Petitioner was charged and pled guilty to 21 U.S.C & 841 (a) (1). And in which the judge did not give a dug amount or type as the elements of the offense charged in the indictment U.S.S.G & 202.1(a) (1) clearly calls for a base offense level of 8 unless the indictment charged him under 21 U.S.C & 841 (b)(1)(A)(iii) of 50 grams or more of crack cocaine. Presumably uncharged possession with the intent to distribute and to distribute crack cocaine could augment the drug quality under U.S.S.G & 2D1.1 (a) (3) after a plea of guilty of & 841 (d) (1) but nothing in the Guidelines suggest that where a conviction is for & 841(a) (1) of no drug amount or type, uncharged distribution can be used to make up the difference. However, the offense denounced by the first sentence of section 844(a) is knowing or intentional possession of simply "a controlled substance" the very same words are used in section 841 (a) (1). Therefore, petitioner pled guilty of a related and analgous offense in violation of 21 U.S.C&844(a), under the first sentence of section 844(a) criminalizing possession of a controlled substance to possess with intent to distribute. Under 18 U.S.C & 3559(a) and 3581(b) as a class (A) misdemeanor offense for which no guideline expressly has been promulgated, see Amendment 43 of the U.S.S.G and of & 2X5.1. see 18 U.S.C & 3553 (a) (1).

2. Petitioner contends that the sentence of time served is in line with & 3553 (a) overarching instruction to "impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing goals advanced in & 3553 (a) (2). Absent of being charged by statue under & 841(b) (1) (A) (iii) in the indictment. To be sentenced as a Felony, the jury must have found the prerequisite quantity because the quantity "does not merely affect the length of the defendants' sentence but determines whether he is guilty of a felony or a misdemeanor" and in this case the judge did not, and that for a sentencing judge to make :factual findings that convert what would otherwise be a misdemeanor into a felony seems to be and impermissible usurpation of the historic role of the jury "e.g. *Blakely v. Washington* 542 U.S 296, 304-305 (2004) " When a judge inflicts punishment that the jury's verdict or the defendant admits alone does not the jury has not found all the facts which the law makes essential to the punishment and the judge exceeds his proper authority. " *Blakely* 542 U.S at 303-304 U.S.S.G & 202.1 (a)(1) clearly calls for a base offense level of 8 at least 5 to 6 months imprisonment See 18 U.S.C & 3553 (a) (2)

3. Petitioner contends that the court is required to follow *Kimbrough v. United States* 552 U.S (2007) *Gall v. United States,* 552 U.S (2007) *Rita v. United States* 551 U.S (2007) *Cunningham v. California* 549 U.S (2007) Untied *States v. Booker* 542 U.S 220,266, Led 2d 621,644,125, S.Ct 738 (2005) *Blakely v. Washington* 542 U.S 296 (2004) *Ring v. Arizona* 536 U.S 584, 602 (2002); *Apprendi v. New Jersey* 530 U.S 466 (2000) and *Jones v. United States*, 526 U.S 227 (1999) and others.

    The Government has never proven beyond a reasonable doubt that the substance was crack cocaine pursuit to U.S.S.G Amendment 487.... This Amendment provides that, for purposes of the guidelines, "cocaine base" means "crack". The Amendment addresses an inter-circuit conflict. Compare e.g. *United States v. Shay* 936 F2d 412 (9th cir 1991) (cocaine base means crack) with *United States v. Jackson*, 968 F2d (2nd cir) (cocaine bar has a scientific chemical definition that is more inclusive that crack) cert. denied 113 SCt 664 (1992)

Under the Amendment forms of cocaine base other than crack (e.g. coca paste, an intermediate step in the processing of coca leaves into cocaine hydrochloride, scientifically is a base form of cocaine, but it is not crack) will be treated as cocaine. Therefore, Petitioners' sentence is reduced to reflect cocaine. See 18 U.S.C & 3553 (a) (2) (A)

4. Petitioner contends that because he plead guilty to a related analogous offense for which no guidelines expressly has been promulgated for a class "C" misdemeanor, see Amendment 43 of U.S.S.G under 18 U.S.C && 359(a) and 3581(b)- his sentence would be not more than thirty days- under & 2D2.1(a)(1) at a base offense level of 8; for __ gram of cocaine ___ to ___ months at a base offense level of __; and under Amendment 706 for the crack cocaine reduction _____ to ___ months at a base offense level of 29. See 18 U.S.C & 3553(a) (3).

4

5. Petitioner contends that he plead guilty to a related and analogous offense for which no guideline expressly has been promulgated under class "C" misdemeanor offense in violation of 21 U.S.C & 844 (a) under the first sentence of section 844(a), criminalizing possession of a controlled substance, the lesser included offense or 21 U.S.C & 841 (a)(1) and the offense would necessarily have been classified as a "C" misdemeanor under 18 U.S.C && 3559(a) and 3581(b), not more than thirty days; For cocaine only offense of ___ grams under 21 U.S.C & 841 (b)(1)(iii) for possession with intent tom distribute and to distribute cocaine would be __ to __ months imprisonment; and for possession with intent to distribute and to distribute crack cocaine in violation of 21 U.S.C & 3553 (a)(4).

6. Petitioner contends that U.S.SG & 202.1(a) (1) is applicable guideline for the applicable category of offense committed by the defendant for a related and analogous offense; the applicable guideline for the applicable category of offense for cocaine only that could have been committed by the defendant would be 2D1, and the applicable guideline for the applicable category offense under &&841(b) (1) (A) (iii) for crack cocaine had petitioner committees that offense would be under &2D1. See 18 U.S.C & 3553(a) (4) (A)

7. Petitioner contends that under &1.B.1.7 commentary in the Guidelines Manual that interprets or explains a Guideline is authoritative unless it violates the Constitution. See *Strinson v. United States,* 508 U.S 36. 38(1993); *United States v Hicks* 472 Fed 1167 at 1172-73, "to the extent that policy statements are inconsistent with *Booker* by requiring that the guidelines are treated as mandatory, the policy statements must give way."
Application Note 3 further provides that when the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate.

Petitioner contends that his original sentence represented a downward departure for a related and analogous offense for which no guideline expressly has been promulgated for a class "C" misdemeanor offense, under 18 U.S.C & 3559(a) and 3581 (b). Petitioner further contends that had he not denied effective assistance of counsel relating directly to the waiver and negotiation, there is a reasonable probability that, but for counsel's unprofessional errors the result in proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. U.S.S.G & 2D2.1(a)(1) clearly call for a base offense level of 8 unless the defendant is convicted or plead guilty to a charge in the indictment of possession with intent to distribute and to distribute 50 grams or more in violation of 21 U.S.C & 841(a)(1) and 841(b)(1)(A)(iii). Presumably uncharged possesion with intent to distribute and to distribute cocaine base could augment the drug quantity under U.S.S.G& 2D1.1 (a) (3) after a plea of guilty of 841(a) (1), but nothing in the guidelines suggest that where the conviction or plea is for & 841(a) (1) of no drug amount, uncharged distribution can be used to make up the difference.

5

In certain sixth Amendment context, prejudice is presumed actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice...See *United States v. Cronic* at 659, and n.25, 80 L.ED.2d 657, 104 Sct 2039..,Id, at *Strickland v. Washington,* 466 U.S 668, at 692, 80 Led 2d, 674, at 696, 104 Sct. 2052 (1984). The proper remedy is rescission, where the parties bargain was founded on mutual misunderstanding of the legal consequences of the bargain. Alternatively and equivalently, it is a case in which the bargain is vitiated by illegality, an attempt to attach and unauthorized consequence to an inappropriate contract. Rescission would be the proper remedy and would restore the defendant to the approximate status quo ante. See 18 U.S.C & 3553 (a) (4) (1). See also 18 U.S.C & 3582 (c) (1) (B).

8. Petitioner contends that "the judge may determine, however, that in the particular case, a within- Guideline sentence is "greater than necessary" to serve the objectives of sentencing. 18 U.S.C &3553 (a) (2000 ed. and supp. V.). in making the determination the judge may consider the disparity between the Guideline treatment of crack and powder cocaine offenses *Kimbrough,* 552 at __ Ante, Justice Ginsburg opinion 2.

First, the commission reported the 100 to 1 ratio rested on assumptions about "the relative harmfulness of the two drugs and the relative prevalence of certain harmful conduct associated with their use and distribution that more recent research and data no longer support. See United States Sentencing Commission, report to congress; cocaine and Federal Sentencing Policy 8 (May 2007) available at http://www.ussc.gov/r_congress/cocaine2007.pdf (herein after 2007 report) (ratio congress embedded in the statue for overstates both "the relative harmfulness" of crack cocaine and the "seriousness of most crack cocaine offenses" For example, the commission found that crack is associated with "significantly less trafficking- related violence....than previously assumed" 2002 report 100. It also observed that "the negative effects of prenatal crack cocaine exposure are identical to the negative effects of prenatal powder cocaine exposure. "Id., at 94. The commission furthermore noted that "the epidemic of crack cocaine use by youth never materialized to the extent feared. "Id at 96.

Second, the commission concluded that the crack/powder disparity is inconsistent with the 1986 Act's goal of punishing major drug traffickers more severely than low-level dealers. Drug importer and major traffickers generally deal in powder cocaine, which is then converted into crack by street level sellers. See 1995 report 66-67. But the 100 to 1 ratio can lead to the "anomalous" result that retail crack dealers get longer sentences than the wholesale drug distributors who supply them powder cocaine from which their crack is produced. 'Id., at 174.

Finally the commission stated that the crack/powder sentencing differential "Fosters disrespect for and lack of confidence in the criminal justice system" because of a "widely- held perception," that it "promotes unwarranted disparity based on race." 202 Report 103. Approximately 85 percent of defendants

6

convicted of crack offenses in Federal court are black; thus the sever sentences required by the 100 to 1 ratio are imposed "primarily upon black offenders." Ibed

Despite theses observations, the commissions' most recent reports do not urge identical treatment of crack and powder cocaine. In the commissions view "some differential in the quantity- based penalties." For the two drugs is warranted, id., a 102, because crack offenses are more likely to involve weapons or bodily injury and crack distribution is associated with higher level crime, See id., at 93-94, 101-102. But the 100 to 1 crack/powder ratio, the commission concluded significantly overstates the difference between the two forms of the drug. Accordingly, the commission recommended that he ratio be "substantially" reduced. Id., at viii. Id at *Kimbrough*, 552 U.S at ___ Ante, Justice Ginsburg opinion at 8-10 See 18 U.S.C & 3553 (a)(5)

9. Petitioner hereby moves for a reduction of his sentence by retroactive application of Amendment 706 pursuant to 3582(c) (2) and (1) (B) of 120 months. From ___ months to ___ months at a base level of 29. However, that & 3582(c) (1) (B) as relevant to the case the court may not modify a term of imprisonment once it has been imposed except that in any case the court mat modify an imposed term of imprisonment to the extent otherwise expressly permitted by statue [2255]… under & 3582(c) (2)… the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)… He should receive a reduction of time served due to the fact that he plead guilty of a related and analogous offense, under & 2D2.1 (a) (1) clearly calls for a base offense level of 8, and in the alternative, he should receive a sentence of ___ months at a base level of ___, for the disparity, between the Guidelines treatment of crack and powder cocaine offenses. See 18 U.S.C & 3553(a) (6).

## **CONCLUSION**

WHEREFORE, Petitioner respectfully requests that the Court set this case for a hearing, based on the abore reasons.

Respectfully submitted,

_____*Anton Hall*_____

Anton Hall 13537-026
P.O Box 33
Federal Prison Camp
Terre Haute, IN 47808

8